1

2

3                         UNITED STATES DISTRICT COURT

4                         NORTHERN DISTRICT OF CALIFORNIA

5

6

7    JEROLD JOSEPH VERDUCCI
     ESTATE,
8
                   Plaintiff,                    No. C 10-5440 PJH
9
           v.                                    **ORDER DENYING PETITION**
10                                               **FOR TEMPORARY RESTRAINING**
     WELLS FARGO BANK, N.A., et al.,             **ORDER AND PRELIMINARY**
11                                               **INJUNCTION**
                   Defendants.
12   _____/

13         The court is in receipt of plaintiff's petition for temporary restraining order and

14   preliminary injunction filed on December 1, 2010.   Having read plaintiff's papers and

15   carefully considered the arguments therein, the court hereby DENIES plaintiff's request.

16         Preliminarily, it is unclear from the papers whether plaintiff's request for a temporary

17   restraining order and preliminary injunction proceeds on an ex parte basis.  No proof of

18   service of the summons and complaint or of the application for a temporary restraining

19   order and preliminary injunction has been filed and no defendant has entered an

20   appearance.  The substance of plaintiff's request also does not specifically state whether

21   relief is sought ex parte.  Assuming plaintiff proceeds on an ex parte basis, plaintiff's initial

22   request is devoid of any declaration that complies with the requirements of Federal Rule of

23   Civil Procedure ("FRCP") 65 – a necessary prerequisite before a temporary restraining

24   order may be issued on an ex parte basis.  See Fed. R. Civ. P. 65(b) (plaintiff must file an

25   affidavit or verified complaint that sets forth "specific facts . . . clearly show[ing] that

26   immediate and irreparable injury, loss, or damage will result to the movant before the

27   adverse party can be heard in opposition," and furthermore, a written certification by the

28   plaintiff's attorney of the "efforts made to give service and the reasons why it should not be

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    required").  Accordingly, plaintiff's ex parte request for a temporary restraining order, having

2    failed to satisfy the requisite procedural requirements, must be denied.

3          The court furthermore notes that denial of plaintiff's request is also warranted

4    because, even assuming that plaintiff had satisfied the procedural requirements for

5    issuance of a temporary restraining order on an ex parte basis, plaintiff has nonetheless

6    failed to establish in his brief and at times nonsensical petition that he is likely to succeed

7    on the merits of any of the twenty-two causes of action alleged in his complaint or that he is

8    likely to suffer irreparable harm in the absence of temporary injunctive relief as required by

9    Winter v. Natural Res. Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

10         Plaintiff's request states primarily that he seeks to enjoin defendants "from

11   conducting an [e]viction, unless and until such time that the [d]efendants can establish to

12   this [c]ourt that [d]efendants are qualified to act and exercise the powers and remedies of

13   the Trustee and Beneficiary."  See TRO Pet. at 1.  Plaintiff further states that he is the

14   lawful true owner of "the property" and that defendants "are making opposing claims" in

15   order to "promulgate their purported rights to the property in question against [p]laintiff."  Id.

16   Plainitf appears to state that the defendants have committed perjury by claiming their right

17   to plaintiff's property before the San Mateo County Recorder, while simultaneously failing to

18   list an unidentified promissory note on their accounting before the Internal Revenue

19   Service.  Id.  As such, plaintiff concludes that defendants "cannot by law make a claim to

20   this [c]ourt as grounds to foreclose on plaintiff's property...".  Id. at 2.

21         The court assumes that by these arguments, plaintiff is implying that foreclosure and

22   perhaps a foreclosure sale is imminent, but it is not clear that a sale is actually scheduled

23   nor is the date that it is scheduled set forth in either the complaint or application.  The

24   complaint also fails to provide any specifics from which the court can discern exactly the

25   action which plaintiffs seek to have enjoined.  The complaint simply alleges a variety of

26   vague actions that defendants purportedly took with respect to a "promissory note" and

27   "loan" that have not been clearly identified.  Plaintiff, for example, appears to allege

28

2

1   fraudulent conversion based on his "sale" of a promissory note to defendants, which note

2   defendants "failed to pay plaintiff" and then was re-sold by defendants for money that

3   defendants used to purchase debts and to transfer the lien rights on plaintiff's real property

4   to defendants.  See Complaint, at p. 6.  Based on these overly broad allegations, plaintiff

5   proceeds to assert twenty-two claims, none of which appears to have been adequately

6   alleged, and many of which do not appear to be recognized causes of action under law.

7   Thus, plaintiff's underlying complaint itself is plainly insufficient to warrant the extraordinary

8   relief of a temporary restraining order without notice to the parties restrained.

9        Because plaintiff's "ex parte" request for a temporary restraining order has failed to

10   satisfy the procedural requirements of FRCP 65, or additionally meet the requisite

11   substantive legal standard, plaintiff's request is accordingly hereby DENIED.  If for any

12   reason plaintiff wishes to proceed with a hearing on a motion for preliminary injunction

13   plaintiff may simply file the motion and notice it for hearing on a 35 day briefing schedule as

14   permitted by the local rules.  Plaintiff must, however, first serve the complaint and

15   summons in addition to such motion, on each defendant.

16

17   **IT IS SO ORDERED.**

18   Dated: December 2, 2010

19                                                _____
                                                  PHYLLIS J. HAMILTON
20                                                United States District Judge

21

22

23

24

25

26

27

28

3